UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

CLYDE WYATT                              CIVIL ACTION NO. 3:14-cv-2362

VS.                                      SECTION P

                                         JUDGE ROBERT G. JAMES
RICHWOOD CORRECTIONAL
CENTER, ET AL.                           MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Clyde Wyatt, proceeding *in forma pauperis*, filed the instant civil rights

complaint pursuant to 42 U.S.C. §1983 on July 22, 2014. When he filed this complaint he was a

detainee in the custody of the Ouachita Parish Sheriff; he has since been released from custody

and now resides at a shelter located on Cornwell Avenue in Shreveport.

When suit was filed plaintiff was detained at the Ouachita Parish Corrections Center

awaiting trial on various charges lodged in the Fourth Judicial District Court. He complained that

he was falsely arrested and imprisoned and that he was being maliciously prosecuted. He sued

the Richwood Correctional Center, its Warden, and the investigating officer, Detective Mike

Fendall of the Monroe Police Department.  In a motion to file an amended complaint filed on

August 25, 2104 he requested that Ouachita Parish and the St. Francis Hospital be included as

defendants. [Doc. 9] That motion was granted. [Doc. 12] Plaintiff thereafter filed a "petition for

declaratory and injunctive relief" on December 5, 2014. In that pleading he named as additional

defendants the governing bodies of Ouachita Parish and the City of Monroe, Louisiana. He

prayed for a judgment recognizing that these entities have previously submitted false information

1

concerning outstanding warrants and criminal convictions to agencies seeking background

checks on the plaintiff; and he requested an injunction prohibiting these entities from doing so

again now and in the future.

These matters have been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court.

*Background*

As noted above, plaintiff was a pre-trial detainee in the OCC when he filed his original

complaint on July 22, 2014. He complained that having completed a sentence he was serving at

RCC he was thereafter "detained without authority" by RCC and "transferred to another facility

against my will without authority or arrest while a warrant had been obtained it was not

executed..." Thereafter, he was "booked in at OCC against my will on different charges than

shown to date." He blamed RCC for his "continued illegal incarceration herein." [Doc. 1] He

prayed for money damages and for copies of "surveillance footage of MPD Det. Fendall seizing

my personal property without my being present..."

His form complaint was accompanied by a hand-written complaint entitled "Original

Petition 1983 Claim for False Arrest and Detention." Therein he alleged that the complained of

events, namely his allegedly unlawful detention and transfer, occurred on January 7, 2014. He

further alleged that his wrongful arrest, detention, and prosecution began with his arrest on

November 24, 2013. On that date he was charged with "an assortment of misdemeanors" and

booked into RCC. He claims that thereafter Det. Fendall tampered with plaintiff's property,

apparently in an effort to ensure plaintiff's subsequent conviction. He included a number of

exhibits which suggest that he was formally charged with various criminal offenses in the

matters entitled *State of Louisiana v. Clyde Wyatt*, No. 13-F3319, F3320, F3321 and F3322-2 of

the Fourth Judicial District Court. The exhibits further establish that counsel was appointed to

represent plaintiff on the pending criminal charges and that despite that fact, he filed numerous

unspecified pro se motions which were ultimately denied by the trial court and the Second

Circuit Court of Appeals. [Docs. 1-2, 1-3, and 1-4]

On August 25, 2014, plaintiff filed a motion to amend his complaint to add new

defendants and new cause of action. He alleged claims of malicious prosecution, slander, and

negligence with respect to Ouachita Parish; false arrest, assault, and harassment against the St.

Francis Hospital, and defamation and harassment against the Monroe City Police Department.

[Doc. 9]

On August 26, 2014, he filed a motion to appoint counsel. [Doc. 10]

On September 22, 2014, the undersigned directed plaintiff to amend his complaint. [Doc.

11][1] On the same date his motion to amend was granted; however, his motion for appointment of

counsel was denied. [Doc. 12]

On September 22, 2014, he filed another version of his motion to amend, naming

Ouachita Parish, St. Francis Hospital, and the Monroe Police Department as defendants. [Doc.

---

[1] Plaintiff was specifically directed to provide – (1)  the name(s) of <u>each person</u>  who allegedly violated plaintiff's constitutional rights;(2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>; (3)  the place and date(s)that each event occurred; and (4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation.

In addition, he was directed "... to amend his pleadings to demonstrate whether the charges for which he was arrested and incarcerated are still pending, or whether he now stands convicted of the complained of charges." [Doc. 11]

13] He attached exhibits from the ongoing proceedings in the Fourth Judicial District Court and claimed again that he was not guilty of the charges he was imprisoned on. [Doc. 13-1 and 13-2]

On December 5, 2014, plaintiff submitted a Brief and "Petitioner's Addendum Brief on the Merits." When he filed that pleading he provided the address of the Shreveport shelter as his residence. Therein he re-urged his claims of false arrest, malicious prosecution, false imprisonment, and defamation and asserted his innocence; furthermore, he accused the defendants of fabricating evidence to convict him.  However, he also admitted therein that he went to trial and then eventually pled guilty to misdemeanor theft and was ultimately released from custody sometime in August 2014. [Doc. 18] On the same date plaintiff filed an Addendum Petition for Declaratory and Injunctive Relief. As noted above, he prayed for judgments prohibiting Ouachita Parish and the City of Monroe from responding to background checks involving plaintiff. [Doc. 19]

On December 31, 2014, he filed a Motion for Leave to File Support Evidence; he prayed for permission to file various documents related to his medical condition as documented by the Veterans Administration. The documents in question and others were filed on January 15, 2015. [Docs. 23-24]

### Law and Analysis

### 1. Screening

When he filed this suit, plaintiff was a prisoner who was permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma*

*pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. Heck v. Humphrey**

Plaintiff contends that he was falsely arrested, prosecuted, convicted, and imprisoned. However, plaintiff was ultimately convicted of theft following his guilty plea to that charge in the Fourth Judicial District Court.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512

U.S. at  487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

If the court were to grant plaintiff the damages he seeks  under the facts of this case, such ruling would necessarily implicate the validity of his conviction and sentence.  Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have  been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d 102-103.  (A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

Plaintiff also claimed that other defendants defamed him by responding to background checks and providing information relative to outstanding warrants, arrests, and convictions. Unfortunately, plaintiff neglected to specify what information was false and defamatory. He merely alleged, in a conclusory fashion, that Ouachita Parish and the City of Monroe defamed him.  Nevertheless,  *Heck* would also bar plaintiff's defamation claims. *Cormier v. Lafayette City – Parish Consolidated Government*, 493 Fed. App'x. 578, 584 (5th Cir.2012).

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, January 23, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**